UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

Charles William Bowen,                          Case No. 12-31699-KLP

       Debtor.                                 Chapter 7

Tiffany D. Smith,

       Plaintiff,

v.                                        Adv. Pro. 14-03041-KLP

Charles William Bowen,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Reconsideration ("the Motion" or "the Motion to Reconsider") of Footnote 10 of the Court's memorandum opinion ("the Memorandum Opinion") issued February 23, 2015.[1] For the reasons set forth below, the Court denies the Motion in part and grants it in part.

**Background**. On March 18, 2014, Plaintiff Tiffany D. Smith filed a complaint ("the Complaint") against Defendant/Debtor Charles William Bowen pursuant to 11 U.S.C. § 727(a)(2), requesting that the Debtor be denied a discharge on the grounds that he transferred property within one year before his bankruptcy filing with the intent to hinder, delay or defraud

---

[1] The Motion was made pursuant to Bankruptcy Rule 9023, Fed. R. Bankr. P. 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 59.

Plaintiff.  The allegations set forth in the Complaint described a lawsuit filed by Plaintiff against the Debtor and Melissa Bowen in a Virginia state court on March 3, 2010, which resulted in a judgment in favor of Plaintiff entered against both defendants on November 30, 2011, jointly and severally, in the amount of $700,000.  In the Complaint, Plaintiff alleged that by deed dated July 18, 2011, and recorded on July 27, 2011, the Debtor and Melissa Bowen transferred two parcels of real property to Eileen Bowen, the Debtor's sister.  Plaintiff also alleged that the assessed value of the parcels was $196,600, that the price paid by Eileen Bowen was $41,750, and that the Debtor had retained an interest in the property in the form of a right of first refusal.  Plaintiff contended that the Debtor should be denied a discharge because the transfers of the two parcels to Eileen Bowen were made with the intent to "hinder, delay, or defraud" Plaintiff, as evidenced by the following badges of fraud:  the "grossly inadequate" consideration received by the Debtor; the transfer to the Debtor's sister; the Debtor's awareness of the pendency of the state court litigation at the time of the transfer; and the Debtor's retention of a right of first refusal.[2]

---

[2] The Complaint filed by Ms. Smith against Debtor and the complaint filed by Ms. Smith against Melissa Bowen in the U.S. Bankruptcy Court for the Western District of Virginia, A.P. No. 12-06099, on September 12, 2012, are nearly identical in both their factual allegations and their prayers for relief.  The Complaint in this Court includes an allegation that Debtor retained an interest in the real property in the form of a right of first refusal, which is not included in the complaint filed against Melissa Bowen.  The complaint against Melissa Bowen in the Western District alleges that the defendant did not receive any of the net proceeds for the transfer.  While both complaints state that Eileen Bowen paid the total sum of $41,750 for the two parcels, the Complaint against Debtor adds the following

2

Approximately two weeks before the October 20, 2014, trial date, Plaintiff filed stipulations of uncontested facts (the "Stipulation"), endorsed by counsel for both parties. Nearly all of the facts alleged in the Complaint were acknowledged to be uncontested. The parties agreed that Eileen Bowen paid a total amount of $41,750 for the properties. The following stipulations were also included: "Based on two independent appraisals performed on the Properties . . . the lowest appraised value in 2011 for the property located at 5568 Courthouse Rd. . . . was $29,900 and the highest appraised value was $37,300" and ". . . the lowest appraised value in 2011 for the property located at 5568 Courthouse Rd. [sic]. . . was $42,000 and the highest appraised value was $59,900."[3] Shortly after filing the Stipulation, Plaintiff filed her list of exhibits. The majority of the exhibits were comprised of documents relating to the tax assessed, appraised and auctioneer valuations of the transferred properties and to the consideration paid by Eileen Bowen.[4]

On October 20, 2014, the parties commenced trial on the Complaint. Counsel for Plaintiff called no witnesses and submitted the case on the Stipulation, admissions, and exhibits already admitted into the record.

---

language to that allegation: "This amount is significantly less than the appraised value of both parcels combined."

[3] Exhibits admitted at trial show that the property with a range of values between $42,000 and $59,900 was in fact located at 5921 Crescent Point Dr., Orange, Va.

[4] Pretrial disclosures pursuant to Rule 26 of the Federal Rules of Bankruptcy Procedure were filed by Plaintiff on July 16, 2014. All of the exhibits attached to the disclosures pursuant to Rule 26 (a)(1)(B) established the tax assessed and appraised value of the properties and the existence, including financial details, of the sale of the properties to Eileen Bowen.

Counsel contended that the uncontroverted "badges of fraud," including the "grossly inadequate" consideration received by the Debtor for the transfer of the properties, established a *prima facie* case, shifting the burden to the Debtor to prove that the transfer of the properties had not been made with the intent to hinder, delay or defraud Plaintiff. At this time, and throughout the trial, it was clear to the Court that the cornerstone of Plaintiff's case was the "grossly inadequate" price paid by the Debtor's sister in comparison to the actual market value of the properties at the time of the transfer.

At the conclusion of the trial, the Court took the matter under advisement. On February 23, 2015, the Court entered an order denying the relief requested by Plaintiff for the reasons set forth in the Memorandum Opinion, which included a finding that Plaintiff had not carried her burden of proving that the price Eileen Bowen paid for the properties was inadequate. Plaintiff filed the Motion to Reconsider on March 13, 2015, along with a Memorandum in Support of the Motion (the "Memorandum in Support").

**The Motion to Reconsider**. In the Motion to Reconsider, Plaintiff does not seek a modification of the Court's holding. Instead, Plaintiff requests that the Court "reconsider and amend its Memorandum Opinion to remove Footnote 10."

Footnote 10, as it appears in the Memorandum Opinion, states in its entirety:

> In this case, there also exists an unusual circumstance in that another court has already examined the transfer of the

4

Property and found that the price paid by Eileen Bowen was "comparable to what might have been received by a stranger in an arm's length transaction under similar circumstances . . . ." *Smith v. Bowen (In re Bowen)*, 498 B.R. 584, 590 (Bankr. W.D. Va. 2013). On March 15, 2012, two days before Debtor's bankruptcy filing, Melissa Bowen filed a Chapter 7 petition in the U.S. Bankruptcy Court for the Western District of Virginia, Lynchburg Division, Case No. 12-60622. Approximately six months later, Ms. Smith filed an adversary proceeding (*Smith v. Bowen (In re Bowen)*, 498 B.R. 584, (Bankr. W.D. Va. 2013)) seeking to bar Melissa Bowen's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) alleging, as in the present case, that Melissa Bowen transferred her interest in the Property within one year of her bankruptcy filing with the intent to hinder, delay or defraud Ms. Smith. Judge Connelly issued a memorandum opinion and separate related order denying the relief requested by Ms. Smith and concluding that Melissa Bowen did not have the actual intent to hinder, delay or defraud Ms. Smith. Among her findings of fact was a determination that the sale of the Property "appear[ed] to be fairly consistent with what would be expected from an arm's length transaction under similar circumstances." 498 B.R. at 590. Ms. Smith did not appeal this decision.

Had Judge Connelly's prior decision been known to Debtor's counsel prior to the trial, it would be reasonable to think that the Court might have been called upon to determine whether the doctrine of collateral estoppel, also known as "issue preclusion," would have precluded the Plaintiff from relitigating whether there was a lack of consideration paid for the Property. Despite the various issues that may be involved in determining whether all of the required elements of collateral estoppel have been met (*see Taylor v. Sturgell*, 553 U.S. 880 (2008); *Harper v. Knight (In re Knight),* Adv. Pro No. 02-06838-DOT, 2004 WL 3186390, at *2 (Bankr. E.D. Va. Dec. 15, 2004)), the failure of Debtor to raise these issues renders them moot. The Court stresses that it has made its findings in this adversary proceeding without reliance on Judge Connelly's determinations but strictly on the basis of the evidence presented at trial.

The Court discovered Judge Connelly's memorandum opinion independently, as it was not cited by either counsel during the trial or in any memoranda. The Court is troubled by the failure of Ms. Smith's counsel to disclose the existence of Judge Connelly's decision, which the Court must conclude was an intentional omission given that Ms. Smith was represented

5

by the same attorneys in both adversary proceedings. Rule 2090-1(I) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia adopts the Virginia Rules of Professional Conduct as the ethical standards relating to the practice of law in this Court. *Virginia Rules of Professional Conduct*, Va. Sup. Ct. R. Pt. 6, § II, 3.3(a)(3) provides that "[a] lawyer shall not knowingly fail to disclose to the tribunal controlling legal authority in the subject jurisdiction known to the lawyer to be adverse to the position of the client and not disclosed by opposing counsel; . . . " The Court must also assume that the failure of Debtor's counsel, who was apparently not involved in the adversary proceeding involving Melissa Bowen, to bring Judge Connelly's memorandum opinion to the attention of this Court was due to his being unaware of its existence. Notwithstanding any suggestion that Judge Connelly's findings may not be "controlling legal authority in the subject jurisdiction" or may not amount to dispositive adverse authority under applicable standards involving collateral estoppel, counsel's failure to disclose Judge Connelly's adverse ruling is, at best, disingenuous. In an American Bar Association (ABA) 1949 formal opinion, which discussed a 1908 predecessor rule to Model Rule 3 of the Model Rules of Professional Conduct, the following test was enunciated:

> Is the decision which opposing counsel has overlooked one which the court should clearly consider in deciding the case? Would a reasonable judge properly feel that a lawyer who advanced, as the law, a proposition adverse to the undisclosed decision, was lacking in candor and fairness to him? Might the judge consider himself misled by an implied representation that the lawyer knew of no adverse authority?

ABA Comm. on Prof'l Ethics & Grievances, Formal Op. 280 (1949). Under Model Rule 3.3, counsel has a duty not only to cite adverse authority but also must bring to the attention of the deciding court another court's ruling against the lawyer's client on the same issue. *See Borowski v. DePuy, Inc.*, 850 F.2d 297, 304-05 (7th Cir. 1988) (noting that Counsel's "ostrich-like tactic of pretending that potentially dispositive authority against [his] contention does not exist [is] precisely the type of behavior that would justify imposing . . . sanctions.") (internal citation omitted); *Matthews v. Kindred Healthcare, Inc.* No. 05-1091-T-AN, 2005 WL 3542561, at *4-5 (W.D. Tenn. Dec. 17, 2005) (citing the Tennessee version of Model Rule 3.3 to address parties who failed to disclose prior adverse rulings). Judge

6

>Connelly's decision, in particular her finding concerning the adequacy of consideration for the transfer of the Property, amounts to a ruling against Ms. Smith on a key issue in this case and is therefore appropriate for this Court to consider, even if it may not necessarily control the ultimate disposition of this case. *See also Tyler v. State*, 47 P.3d 1095, 1104-05 (Alaska Ct. App. 2001) (discussing ABA Formal Op. 280).

Rule 9023 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 23, addresses the grounds upon which a court may grant a new trial or alter or amend a judgment. In the Motion to Reconsider, Plaintiff seeks neither a new trial nor an alteration or amendment of the Court's judgment. Plaintiff nonetheless contends that reconsideration is proper here because a court may grant a motion for reconsideration "where (1) the court has 'patently misunderstood' a party, (2) the court has made a decision outside the 'adversarial issues presented,' (3) the court has made an error, 'not of reasoning, but of apprehension,' or (4) a 'controlling or significant change' has occurred in the law or the facts since the parties submitted the issue." *In re Morris*, 365 B.R. 613, 618 (Bankr. E.D. Va. 2007), quoting *United States. v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). Plaintiff further contends that it is appropriate in this case for the Court to review its decision because Footnote 10 "unnecessarily harms the reputations of Ms. Smith's counsel, is not the basis of the Court's ruling, and incorrectly assumed that Mr. Bowen's counsel was not aware of the Western District Bankruptcy Court's holding. . . ." (Memorandum in Support, p. 3).

7

The Court finds that none of the grounds designated in Rule 9023 or *In re Morris* exists in this case and, therefore, there is no cause to grant a motion to reconsider under Rule 9023. However, the Court will amend the Memorandum Opinion as set forth below to correct an assumption made by the Court.

Plaintiff maintains that Footnote 10 of the Memorandum Opinion, which addresses the Court's concern over a perceived lack of candor on the part of counsel for Plaintiff, is based on an inaccurate factual assumption and includes an inappropriate suggestion that counsel acted unethically. In keeping with her acceptance of the Court's holding, Plaintiff takes no issue with the factual findings upon which the Court's ruling is based. Plaintiff does, however, challenge the Court's assumption in Footnote 10 that Debtor's counsel did not advise the Court of the existence of the opinion issued by the United States Bankruptcy Court for the Western District of Virginia in Melissa Bowen's chapter 7 case (the "Bowen Opinion") prior to the trial in the instant adversary proceeding because Debtor's counsel had no knowledge of the existence of that related litigation.

Attached to Plaintiff's Memorandum in Support is an affidavit in which counsel for the Debtor acknowledges that he was aware of the Bowen Opinion prior to the trial in the instant adversary proceeding. In the affidavit, counsel for the Debtor states that he independently decided not to disclose to the Court the existence of the Bowen opinion and that he had

8

discussed the Bowen Opinion with Plaintiff's counsel on a few occasions. (Memorandum in Support, Ex. A).

A hearing on the Motion to Reconsider was held on May 6, 2015, at which counsel for both parties appeared. Counsel for Plaintiff filed the Memorandum in Support prior to the hearing; the Debtor made no filings in connection with the Motion and took no position at the hearing.[5] During the hearing, counsel for the Debtor confirmed that he had been fully aware of the Bowen Opinion and that he had concurred with the decision not to bring it to the Court's attention. In light of the post-litigation affidavit and representations of counsel, it is apparent that the Court's assumption that Debtor's counsel had been unaware of the Bowen Opinion, a logical assumption based upon the facts before the Court at the time, was contrary to the actual facts. For that reason, Footnote 10 of the Memorandum Opinion is amended to substitute the amended Footnote 10 set forth below for Footnote 10 that appears in the Memorandum Opinion, in order to clarify that Debtor's counsel was aware of the Bowen Opinion prior to the October 20, 2014, trial:[6]

> [10]In this case, there also exists an unusual circumstance in that another court has already examined the transfer of the

---

[5] No party has sought sanctions under Rule 9011(c) of the Federal Rules of Bankruptcy Procedure, nor has the Court taken action under Rule 9011(c)(1)(B), which authorizes the Court to require a party to show cause why it has not violated Rule 9011(b).

[6] Under Rule 60(a) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 60(a), made applicable under Rule 9024 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 9024, the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

Property and found that the price paid by Eileen Bowen was "comparable to what might have been received by a stranger in an arm's length transaction under similar circumstances . . . ." *Smith v. Bowen (In re Bowen)*, 498 B.R. 584, 590 (Bankr. W.D. Va. 2013). On March 15, 2012, two days before the Debtor's bankruptcy filing, Melissa Bowen filed a Chapter 7 petition in the U.S. Bankruptcy Court for the Western District of Virginia, Lynchburg Division, Case No. 12-60622. Approximately six months later, Ms. Smith filed an adversary proceeding (*Smith v. Bowen (In re Bowen)*, 498 B.R. 584, (Bankr. W.D. Va. 2013)) seeking to bar Melissa Bowen's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) alleging, as in the present case, that Melissa Bowen transferred her interest in the Property within one year of her bankruptcy filing with the intent to hinder, delay or defraud Ms. Smith. Judge Connelly issued a memorandum opinion and separate related order denying the relief requested by Ms. Smith and concluding that Melissa Bowen did not have the actual intent to hinder, delay or defraud Ms. Smith. Among her findings of fact was a determination that the sale of the Property "appear[ed] to be fairly consistent with what would be expected from an arm's length transaction under similar circumstances." 498 B.R. at 590. Ms. Smith did not appeal this decision.

In light of Judge Connelly's opinion, this Court might have been called upon to determine whether the doctrine of collateral estoppel, also known as "issue preclusion," would have precluded the Plaintiff from relitigating whether there was a lack of consideration paid for the Property. Despite the various issues that may be involved in determining whether all of the required elements of collateral estoppel have been met (*see Taylor v. Sturgell*, 553 U.S. 880 (2008); *Harper v. Knight (In re Knight)*, Adv. Pro No. 02-06838-DOT, 2004 WL 3186390, at *2 (Bankr. E.D. Va. Dec. 15, 2004)), the failure of the Debtor to raise these issues renders them moot. The Court stresses that it has made its findings in this adversary proceeding without reliance on Judge Connelly's determinations but strictly on the basis of the evidence presented at trial.

The Court discovered Judge Connelly's memorandum opinion independently, as it was not cited by either counsel during the trial or in any memoranda. The Court is troubled by the failure of Ms. Smith's counsel to disclose the existence of Judge Connelly's decision, which the Court must conclude was an intentional omission given that Ms. Smith was represented by the same attorneys in both adversary proceedings. Rule 2090-1(I) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia adopts the Virginia Rules of Professional Conduct as the ethical standards relating to the practice of law in this Court. Virginia Rules of Professional Conduct, Va. Sup. Ct. R. Pt. 6, § II, 3.3(a)(3) provides that "[a] lawyer shall not knowingly fail to disclose to the tribunal controlling legal authority in the subject jurisdiction known to the lawyer to be adverse to the position of the client and not disclosed by opposing counsel; . . . " Notwithstanding any suggestion that Judge Connelly's findings may not be

10

"controlling legal authority in the subject jurisdiction" or may not amount to dispositive adverse authority under applicable standards involving collateral estoppel, counsel's failure to disclose Judge Connelly's adverse ruling is, at best, disingenuous. In an American Bar Association (ABA) 1949 formal opinion, which discussed a 1908 predecessor rule to Model Rule 3 of the Model Rules of Professional Conduct, the following test was enunciated:

> Is the decision which opposing counsel has overlooked one which the court should clearly consider in deciding the case? Would a reasonable judge properly feel that a lawyer who advanced, as the law, a proposition adverse to the undisclosed decision, was lacking in candor and fairness to him? Might the judge consider himself misled by an implied representation that the lawyer knew of no adverse authority?

ABA Comm. on Prof'l Ethics & Grievances, Formal Op. 280 (1949). Under Model Rule 3.3, counsel has a duty not only to cite adverse authority but also must bring to the attention of the deciding court another court's ruling against the lawyer's client on the same issue. *See Borowski v. DePuy, Inc.*, 850 F.2d 297, 304-05 (7th Cir. 1988) (noting that Counsel's "ostrich- like tactic of pretending that potentially dispositive authority against [his] contention does not exist [is] precisely the type of behavior that would justify imposing . . . sanctions.") (internal citation omitted); *Matthews v. Kindred Healthcare, Inc.* No. 05-1091-T-AN, 2005 WL 3542561, at *4-5 (W.D. Tenn. Dec. 17, 2005) (citing the Tennessee version of Model Rule 3.3 to address parties who failed to disclose prior adverse rulings). Judge Connelly's decision, in particular her finding concerning the adequacy of consideration for the transfer of the Property, amounts to a ruling against Ms. Smith on a key issue in this case and is therefore appropriate for this Court to consider, even if it may not necessarily control the ultimate disposition of this case. *See also Tyler v. State*, 47 P.3d 1095, 1104-05 (Alaska Ct. App. 2001) (discussing ABA Formal Op. 280).

The Court now turns to the request of Plaintiff that Footnote 10 be removed in its entirety. Plaintiff argues that the Motion should be granted for the following reasons: 1) the Bowen Opinion was not "controlling legal authority in the subject jurisdiction," 2) Debtor's counsel was aware of the Bowen Opinion and independently decided not to bring that decision to this Court's attention, and 3) because collateral estoppel would not apply, the

11

Bowen Opinion would not have affected the outcome of the litigation and therefore Plaintiff's counsel did not violate the duty of candor.

The Court's concerns expressed in Footnote 10 are based on the factual determinations made by the Western District Bankruptcy Court in the Bowen Opinion[7] rather the legal conclusions set forth therein; therefore, Plaintiff's argument that the Bowen Opinion is not binding precedent, i.e., controlling legal authority, is misplaced. Any binding effect of the prior decision would be related to the implications of its factual findings.[8]

In the Memorandum in Support, counsel for Plaintiff maintains that the decision to refrain from disclosing the existence of the Bowen Opinion was based, in part, out of concern that doing so would be unfairly prejudicial to the Debtor. Included in the Bowen Opinion was the statement that Mr. and Mrs. Bowen had separated on September 9, 2009, "after a physical altercation." *Smith v. Bowen (In re Bowen)*, 498 B.R. 584, 586 (Bankr. W.D. Va. 2013). Judge Connelly's memorandum opinion does not describe the nature of the physical altercation or otherwise elaborate upon the

---

[7] In particular, the Court refers to the factual determination that the sale of the subject real estate was "fairly consistent with what would be expected from an arm's length transaction under similar circumstances." *Smith v. Bowen (In re Bowen)*, 498 B.R. 584, 590 (Bankr. W.D. Va. 2013).

[8] During the May 5th hearing, the Court asked Plaintiff's counsel whether he would have considered it necessary to disclose the earlier court decision if it had occurred in the same court, i.e., the Eastern District of Virginia, before another Judge of the Court. Counsel responded that disclosure would not be necessary even if the decision had been rendered by another judge in the same district because it would not be "controlling authority." The Court, however, is of the opinion that determining in one courtroom that the consideration paid for a transfer was "grossly inadequate" while finding in the adjacent courtroom that the consideration for the identical transaction was "consistent with what would be expected from an arm's length transaction" would be problematic.

12

circumstances leading to the separation. Nevertheless, Plaintiff's counsel maintains that disclosing the existence of the Bowen Opinion and its vague reference to a "physical altercation" would cause the Court "to think that they were unfairly attacking Mr. Bowen's reputation and character, which counsel believed would prejudice the Court against Ms. Smith's position." (Memorandum in Support, p. 7).

In his affidavit, counsel for the Debtor did not explain the rationale for his "independent" decision not to raise the holding in or existence of the Bowen Opinion. The Court will not speculate on his reasons. [9] Regardless, it is difficult to see how the Bowen Opinion could be viewed as "adverse to the position" of the Debtor, notwithstanding its reference to a "physical altercation."

---

[9] The Court was not privy to the conversations which took place between counsel prior to the trial or to the thought processes which led to the decision of both counsel to refrain from disclosing the existence of the Bowen Opinion, but it is apparent from the Memorandum in Support that one or both parties have little faith in the Court's ability to disregard irrelevant evidence. To the extent that counsel for either party would conclude that the Bowen Opinion should best be kept *in petto* out of concern that the Court would be more inclined to rule on the basis of allegations regarding a physical altercation, something which Plaintiff's counsel admits is "not relevant to this action," rather than on the findings related to the adequacy of the consideration for the allegedly "fraudulent" transfers, the Court reminds the parties of the Fourth Circuit's position on the ability of a sitting judge to make proper inferences from evidence presented:
> [I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial.... Rule 403 was designed to keep evidence not germane to any issue outside the purview of the jury's consideration. For a bench trial, we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences.

*Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994). *See also United States v. Smith*, No. 1:10cr438 (LMB), 2012 WL 3040338 at *8 (E.D. Va. July 24, 2012).

13

Rule 3.3 of the Model Rules of Professional Conduct addresses counsel's duty to disclose adverse authority *to the tribunal* regardless of whether opposing counsel is aware of the authority. Under the Rule, disclosure is required when opposing counsel does not, as in this case, make the disclosure. Footnote 10 of the Memorandum Opinion properly addresses the duty of Plaintiff's counsel to disclose, and it is of no consequence that Debtor's counsel was aware of the Bowen Opinion. Moreover, there is no indication that Debtor's counsel sought or encouraged Plaintiff's counsel to refrain from disclosing the existence of the decision, despite the contention of Plaintiff's counsel that doing so would have been prejudicial to the Debtor.

Much of Plaintiff's Memorandum in Support offers reasons why collateral estoppel "more than likely would not have applied in this case." (Memorandum in Support, p. 7.) Despite the fact that the transfers forming the basis for the discharge objection in both cases involved the same property, the same transferors and the same transferee, Plaintiff contends that collateral estoppel does not apply because the intent to hinder, delay or defraud could have existed with respect to the Debtor even if Melissa Bowen had not had that intent.

The Court has not found and does not here suggest that all of the factual issues in both cases were identical or that Plaintiff should have been estopped from pursuing her objection as a result of the Bowen Opinion. The Court was not presented with a collateral estoppel or issue preclusion motion

14

prior to rendering its decision[10] and the Court need not and will not now conduct an analysis of these issues. More importantly, whether Plaintiff would have prevailed on a collateral estoppel or issue preclusion motion is not the point. The Court's purpose in Footnote 10 was to describe its dismay over the failure of Plaintiff's counsel to disclose the existence of the Bowen Opinion, an omission that Plaintiff's counsel has acknowledged was deliberate.

Counsel adamantly contends that he had "a good faith basis" for deciding not to disclose the existence of the Bowen Opinion and that he had no ethical obligation to do so. While the Court may take issue with this position, it need not address it further. The Court did not find that counsel violated Model Rule 3.3. Therefore, just as the Court need not determine whether the Bowen Opinion is controlling legal authority or may amount to dispositive adverse authority under applicable standards involving collateral estoppel, the Court need not decide whether an ethical violation has occurred.

The Court has described counsel's failure to disclose the Bowen Opinion as "disingenuous," a characterization that is disputed by counsel but one which the Court continues to believe is appropriate. Whether the intentional failure to disclose the Bowen Opinion was motivated by the concern that doing so would be "unfairly prejudicial" to the Debtor or by the

---

[10] Plaintiff's counsel points out that Debtor's counsel could have filed such motion but chose not to do so. However, it is for this reason, and because the Bowen Opinion was not otherwise disclosed by Debtor's counsel, that Plaintiff would be called upon to disclose it.

15

belief that the factual finding regarding the consideration for the transfer could not possibly have a preclusive effect on this litigation, the end result was the same – a prior judicial determination that might have weakened Plaintiff's case was concealed from the Court. The Court remains deeply troubled by this omission and sees no reason to remove Footnote 10 from its Memorandum Opinion.

Accordingly, **IT IS ORDERED** that the Motion to Reconsider is **GRANTED** solely as to the Court's assumption that counsel for Debtor was unaware of the Bowen Opinion and is otherwise **DENIED,** and it is further

**ORDERED** that the Memorandum Opinion is amended as set forth above.

Signed: September 29, 2015

/s/ Keith L. Phillips
United States Bankruptcy Judge

Entered on Docket: September 29, 2015

Copies:

Tiffany D. Smith
5486 Mechanicsville Turnpike
Mechanicsville, VA 23111

Donald R. Morin
Morin & Barkley LLP
455 Second Street, S.E., Suite 200
Charlottesville, VA 22902

16

Charles William Bowen
6005 Crescent Point Drive
Orange, VA 22960

Ross Charles Allen
Smith and Wells
1330 Alverser Plaza
Midlothian, VA 23113

Judy A. Robbins, 11
Office of the U.S. Trustee - Region 4 -R
701 E. Broad Street, Suite 4304
Richmond, VA 23219

Roy M. Terry, Jr.
Sands Anderson PC
P.O. Box 2188
Richmond, VA 23218-2188

John C. Smith
Sands Anderson PC
1111 East Main Street, 24th Floor
P.O. Box 1998
Richmond VA 23218-1998